Filed 11/19/15  In re G.S. CA5
Received for posting on 12/10/15

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re G.S., a Person Coming Under the Juvenile Court Law. | |
| MADERA COUNTY DEPARTMENT OF SOCIAL SERVICES/CHILD WELFARE SERVICES,<br><br>        Petitioner and Respondent,<br><br>                v.<br><br>V.K.,<br><br>        Defendant and Appellant. | F071580<br><br>(Super. Ct. No. MJP016939)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Thomas L. Bender, Judge.

Gregory Chappel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance made for Petitioner and Respondent.

-ooOoo-

---

[*]        Before Detjen, Acting P.J., Franson, J. and Smith, J.

Appellant V.K. (mother) appeals from the juvenile court's order terminating her parental rights as to her three-year-old son, G.S., at a Welfare and Institutions Code section 366.26 hearing.[1] Mother's court-appointed counsel filed a letter brief pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835 (*Phoenix H.*), informing this court that he read the entire record and could find no issues to raise on appeal. We granted mother leave to file a letter setting forth a good cause showing that an arguable issue of reversible error does exist.

Mother submitted a letter asking this court to reopen G.S.'s case so that she and her husband, G.S.'s father (hereafter "father"), could attempt to regain custody of him.

Mother and father are residents of India. In January 2012, they were in the United States on a temporary visa when mother gave birth to G.S. in Madera County. G.S. was born with congenital heart disease that was diagnosed prenatally. Initially, the doctors planned to perform three surgeries to repair the defect, anticipating that after the second surgery G.S. would be stable enough to return to India with his parents. However, after the first surgery, the cardiologist determined that further surgery would not correct the problem and that G.S. needed a heart transplant. Meanwhile, mother and father left for India in March 2012, before the first surgery.

The medical staff attempted to convey to mother and father that G.S.'s only chance of survival was a heart transplant but that they had to return for at least three months for an assessment of the family in order to put G.S. on the heart transplant list. Despite many conversations with the medical staff and social workers and promises that they would return, mother and father did not return. Ultimately, the doctors determined G.S. was not a transplant candidate and his condition was inoperable. He was transferred to a sub-acute home for palliative care.

---

[1] All further statutory references are to the Welfare and Institutions Code.

2

Meanwhile, the juvenile court appointed counsel for mother and father, adjudged G.S. a dependent child, and, after six months, terminated reunification efforts. In September 2013, the juvenile court conducted the initial section 366.26 hearing and ordered adoption as G.S.'s permanent plan without terminating parental rights. In July 2014, G.S. was placed with a married couple who were both health care providers with experience in pediatrics and who were willing to adopt him.

In May 2015, mother appeared for the first time at a contested section 366.26 hearing and testified she did not return earlier because she was not doing well. She said she and father communicated by e-mail with the social worker who informed her that her parental rights could be terminated. However, she did not believe that the court would do that because she loved G.S. "too much." She said she planned to stay with G.S. in the United States and she wanted custody of him so she could raise him herself. At the conclusion of the hearing, the juvenile court terminated mother and father's parental rights.

Mother contends in her letter that she and father had to leave for India because their visas expired and they appointed a person, whom she identifies by name, to care for G.S. until they returned. However, that person, according to mother, was unable to arrange with Madera County Department of Social Services (department) to assume that role. There is no mention of a person by that name in the record. Mother further contends the department sent them notice to the wrong address in India, yet she acknowledges that she and father were in continuous contact with the department. She contends she was uninformed about the American legal system regarding adoption and that she and father feel "cheated" and "kept in the dark."

We have reviewed the record as it relates to the section 366.26 hearing, though we are not required to, and we find no arguable issues for briefing. (*Phoenix H*., *supra*, 47 Cal.4th at pp. 841-842.) Accordingly, we dismiss this appeal.

3

## DISPOSITION

This appeal is dismissed.